UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| D. A. BARNEY, | Civil No. 12-2415 (ADM/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| N. C. ENGLISH, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I.  **BACKGROUND**

In 2007, Petitioner entered a guilty plea in the United States District Court for the Southern District of Iowa to a charge of conspiracy to distribute cocaine base. On January 18, 2008, Petitioner was sentenced to ten years in federal prison, to be followed by a two-year term of supervised release. (Petition, [Docket No. 1], p. 2, § 4.) Petitioner is presently

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

serving her sentence at the Federal Correctional Institution in Waseca, Minnesota.

Petitioner did not challenge her conviction or sentence on direct appeal, but she did seek post-conviction relief by filing a motion in the trial court under 28 U.S.C. § 2255. Petitioner's § 2255 motion raised several claims of ineffective assistance of counsel. However, those claims were rejected on the merits, and Petitioner was not granted a Certificate of Appealability. (See 28 U.S.C. § 2253.)

After the Fair Sentencing Act, ("FSA"), was enacted on August 3, 2010, Petitioner filed another motion in the trial court, this time contending that her sentence should be reduced pursuant to the FSA. That motion was denied in December 2010.

Petitioner filed a previous § 2241 habeas corpus petition in this District in January 2011. (Barney v. English, No. 11-166 (ADM/LIB) [hereafter "Barney I"].) In Barney I, Petitioner again claimed that the FSA applied to her case, and that her sentence should be reduced. This Court entered a Report and Recommendation, ("R&R"), in Barney I, which recommended that the case be dismissed on the merits and with prejudice, because the FSA is not retroactively applicable. That conclusion was dictated by several Eighth Circuit Court of Appeals decisions that are directly on point.[2]

Petitioner filed objections to the R&R in Barney I, citing several cases in which federal courts applied the FSA to criminal defendants who committed their crimes before

---

[2] The Eighth Circuit cases cited in the previous R&R were United States v. Brown, No. 10-1791 (8th Cir. Oct. 12, 2010), (unpublished opinion), 2010 WL 3958760 at *1; United States v. Brewer, 624 F.3d 900, 909, n. 7 (8th Cir. 2010); and United States v. Williams, No. 10-2500 (8th Cir. Jan. 20, 2011), 2011 WL 167073 (unpublished opinion) at *1. Shortly after the R&R in Barney I was filed, the Eighth Circuit handed down another decision that re-examined the retroactivity issue, and re-affirmed that the FSA is not retroactively applicable. United States v. Smith, 632 F.3d 1043, 1047-49 (8th Cir.), cert. denied, 132 S.Ct. 265 (2011).

the FSA's effective date, but received their sentences after that date. The District Court Judge found that the cases cited by Petitioner were distinguishable, because the defendants in those cases were sentenced <u>after</u> the FSA became effective, but Petitioner was sentenced <u>before</u> the FSA became effective. (<u>Barney I</u>, Order dated March 3, 2011, [Docket No. 9], p. 2.) Therefore, the District Court Judge overruled Petitioner's objections to the R&R in <u>Barney I</u>. The R&R was adopted, and <u>Barney I</u> was dismissed with prejudice. (<u>Id</u>., p. 3.) Petitioner appealed that ruling, but the Eighth Circuit Court of Appeals affirmed the District Court Judge's dismissal order. (<u>Barney I</u>, Judgment of the Eighth Circuit Court of Appeals dated August 15, 2011; [Docket No. 18].)

Petitioner filed her current § 2241 habeas corpus petition on September 19, 2012. She is once again claiming, (for at least the third time), that the FSA should be applied to her case retroactively, and her sentence should be reduced. Petitioner now contends that the FSA is retroactively applicable to her case by reason of the Supreme Court's recent decision in <u>Dorsey v. United States</u>, 132 S.Ct. 2321 (2012). That argument must be rejected.

**II.     DISCUSSION**

Prior to <u>Dorsey</u>, several federal appellate courts, including the Eighth Circuit Court of Appeals, had held that the FSA applied only to criminal cases in which the offense was committed after the FSA's effective date – August 3, 2010. According to those pre-<u>Dorsey</u> cases, the date when the crime was committed was controlling, and the date when the sentence was imposed was irrelevant. Therefore, if a defendant was convicted for a crime committed before August 3, 2010, he had to be sentenced under pre-FSA law – even if the sentence was not imposed until after August 3, 2010. <u>See</u> <u>e.g.</u> <u>United States v. Sidney</u>,

3

648 F.3d 904, 906-07 (8th Cir. 2011) ("the timing of the sentence is immaterial, and... the controlling factor is the date on which the crime was committed"), cert. granted, and judgment vacated, June 29, 2012, 2012 WL 2470087. However, this understanding of the law was invalidated by Dorsey.

In Dorsey, the Supreme Court held that the applicability of the FSA depends on the date of sentencing, not the date when the crime was committed. According to Dorsey, the FSA applies to all sentences imposed after the effective date of the statute, (August 3, 2010), regardless of when the crime was committed. The Supreme Court summarized its holding as follows:

> "The new statute took effect on August 3, 2010. The question here is whether the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3. We hold that the new, more lenient mandatory minimum provisions do apply to those pre-Act offenders."

Dorsey, 132 S.Ct. at 2326.

Nothing in Dorsey suggests that the FSA applies to criminal defendants who, like Petitioner, were sentenced before August 3, 2010. In several decisions handed down after Dorsey, federal courts have confirmed that Dorsey does not make the FSA applicable to defendants who were sentenced before August 3, 2010. See Fields v. Warden, FCC Coleman - USP, No. 11-14997 (11th Cir. Jul. 19, 2012) 2012 WL 2924020 (unpublished opinion) at *2 ("The Supreme Court recently held that the FSA applies to those who committed acts prior to the passage of the FSA, but were sentenced following the August 3, 2010 effective date of the FSA.... However, Fields was sentenced prior to August 3, 2010, and thus the FSA does not retroactively apply to him."); United States v. Finley, No. 10-3672 (6th Cir. Jun. 29, 2012), 2012 WL 2505630 (unpublished opinion) at *5 ("In

Dorsey..., the Supreme Court recently held that the FSA applies to all offenders sentenced after the FSA's effective date, August 3, 2010, even if their crimes were committed prior to August 3, 2010. This clarification does not help Finley, however, as he was sentenced prior to August 3, 2010.... In other words, the district court properly sentenced Finley in accordance with the law in effect at the time of his sentencing."); Turner v. Werlinger, No. 12-C-698 (E.D.Wis. Jul. 18, 2012), 2012 WL 2924039 at *1("while the Supreme Court held in Dorsey... that the FSA's new, more lenient penalties applied to offenders whose crimes preceded the effective date of the Act but who were sentenced after that date, the Court did not indicate that the FSA applied to those, like petitioner, sentenced prior to its enactment"); White v. O'Brien, No. 2:11-CV-98 (N.D.W.Va. Aug. 22, 2012), 2012 WL 3637459 at *3 ("the FSA does not apply retroactively to an offender like White who was sentenced prior to its August 3, 2010, enactment") (citing Dorsey).

As Chief Judge Michael J. Davis has succinctly stated: "No court has yet granted relief to a defendant who was sentenced before the effective date of the FSA, in light of Dorsey." United States v. Fenner, Crim. No. 06-211(01) (MJD) (D.Minn. Jul. 13, 2012), 2012 WL 2884988 at *2. Judge Davis cited Finley, supra, and three more district court cases holding that Dorsey has no bearing on defendants who were sentenced before August 3, 2010. Those additional cases are Reid v. United States, ____ F.Supp.2d ____, (D.Del. Jun. 27, 2012), 2012 WL 2541904, at *10, n. 4; United States v. Scarborough, No. CR–03–118, (E.D.Ok. Jul. 6, 2012), 2012 WL 2702983 at *1; and Ford v. United States, Nos. 11–cv–2761, 09–cr–88, (M.D.Fla. Jul. 9, 2012), 2012 WL 2798532 at *13.

There is no reason to belabor the point any further. According to Dorsey, the FSA applies to defendants sentenced after August 3, 2010, even if they committed their crimes

5

before that date. However, Petitioner was sentenced long <u>before</u> August 3, 2010, so <u>Dorsey</u> has no bearing on her case.

In <u>Barney I</u>, the District Court Judge ruled, (and the Court of Appeals obviously agreed), that the FSA has no retroactive effect on Petitioner's sentence. The Supreme Court's subsequent decision in <u>Dorsey</u> does not invalidate or alter the ruling in <u>Barney I</u>. Even after <u>Dorsey</u>, the FSA is not retroactively applicable to Petitioner, because she was sentenced before the FSA became effective. Thus, the Court concludes that here, as in <u>Barney I</u>, Petitioner's application for a writ of habeas corpus must be denied on the merits, and her case must be dismissed with prejudice.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**; and

2. This action be summarily **DISMISSED WITH PREJUDICE**.

Dated: October 4, 2012

                                              s/Leo I. Brisbois
                                              LEO I. BRISBOIS
                                              United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 18, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this

procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.