UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

D.A. Barney,

        Petitioner,

                                           **MEMORANDUM OPINION**
v.                                         **AND ORDER**
                                           Civil No. 12-2415 ADM/LIB

N.C. English,

        Respondent.

_____

D.A. Barney, pro se.

John Kokkinen, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge Leo I. Brisbois dated October 4, 2012 [Doc. No. 4]. In the R & R, Judge Brisbois recommended that this Court deny Petitioner Barney's [Barney] application for habeas corpus relief [Doc. No. 1] and dismiss this action with prejudice. Barney filed an objection to the R & R on October 17, 2012 [Doc. No. 6]. Barney objects to the R & R on the ground that the Fair Sentencing Act should be applied retroactively to her case.

## II. BACKGROUND

The factual background for this matter is clearly and concisely set forth in the R & R. The Court incorporates those facts by reference for purposes of the present objections**.**

## III. DISCUSSION

**A. Standard of Review**

A district court must make an independent, de novo review of those portions of a Report and Recommendation to which objections have been made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). Based upon that de novo review, the Court adopts the R & R in its entirety, denies Petitioner's application for habeas corpus relief, and dismisses this action with prejudice.

**B.  Retroactivity of the Fair Sentencing Act in Cases Sentenced Before the Effective Date of the Statute**

Barney objects to the Report and Recommendation's conclusion that the Fair Sentencing Act of 2010 ("FSA") does not apply retroactively to her case. See Pub. L. No. 111-220, 124 stat. 2372 (2010). In support of her argument, Barney relies on Dorsey v. United States, 132 S. Ct. 2321 (2012), a recently decided case. However, Barney's reading of Dorsey's application to her case is incorrect.

In Dorsey, the United States Supreme Court held that the FSA applies retroactively to offenders whose crimes were committed before the FSA's enactment, but whose sentencing occurred after the effective date of the FSA. Dorsey, 132 S. Ct. at 2335. Thus, it is the date of sentencing that determines whether or not the FSA will apply. This distinction in the date of sentencing has been upheld by numerous courts interpreting Dorsey, and "[n]o court has yet granted relief to a defendant who was sentenced before the effective date of the FSA . . . ." United States v. Fenner, No. 06-211 (01) MJD, 2012 WL 2884988 (D. Minn. July 13, 2012); see also United States v. Dubose, No. 08-232 MJD/AJB, 2012 WL 5381943 (D. Minn. Nov. 1, 2012); United States v. Jeanpierre, No. 07-439(6) JNE/SRN, 2012 WL 4898182 (D. Minn. Oct. 16, 2012).

Barney's sentencing occurred on January 18, 2008. The Fair Sentencing Act's effective date was August 3, 2010. Because Barney was sentenced before the effective date of the FSA,

the retroactivity of the FSA as outlined in Dorsey does not apply to Barney's sentence.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. Judge Brisbois' Report and Recommendation dated October 4, 2012 [Doc. No. 4] is hereby **ADOPTED**;

2. Petitioner's application for habeas corpus relief is **DENIED**;

3. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 6] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

      s/Ann D. Montgomery      
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 11, 2012.